# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| RANDY FERRELL, individually and on behalf of all other similarly situated individuals,<br><br>　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, a Virginia corporation,<br><br>CAPITAL ONE, N.A., a Virginia corporation,<br><br>and<br><br>CAPITAL ONE BANK (USA), N.A., a Virginia corporation,<br><br>　　Defendants. | Civil Action No. 1:25-cv-91<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Randy Ferrell ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel, bring this action against Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA) (collectively "Defendants"), and state as follows:

## NATURE OF THE CASE

1. This action is brought by Plaintiff, individually and on behalf of a class of similarly situated holders of Capital One banking accounts. Plaintiff seeks damages and injunctive relief based upon the unlawful conduct of Defendants in denying such account holders the ability to obtain funds in their accounts and in misappropriating funds held in the Capital One accounts.

2. As a result of Defendants' negligence and unfair and/or unlawful conduct, Plaintiff and Class members have been prevented from accessing their funds to purchase items as basic as

1

food, clothing and shelter.

3. Plaintiff and Class members seek damages, and punitive damages where appropriate and allowed, and an injunction enjoining the continuation of Defendants' conduct, restitution and disgorgement.

## **PARTIES**

4. Plaintiff Randy Ferrell is a resident and citizen of Auburndale, Polk County, Florida.

5. Defendant Capital One Bank (USA), N.A. and Capital One, N.A., offer an array of financial products and services to consumers, small businesses, and commercial clients, including credit cards. It is among the biggest banks in the United States, with over $370 billion in total assets. During the class period, defined below, credit cards accounted for a large majority of Capital One's revenues.

6. Hereinafter, Defendants Capital One Bank (USA), National Association, and Capital One, National Association shall be collectively referred to as "Capital One."

## **JURISDICTION AND VENUE**

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendants.

8. Venue is proper pursuant to 28 U.S.C. §1391 in that Defendants have their principal place of business in this District; some of the acts and transactions giving rise to this action occurred in this District; Defendants are authorized to conduct business in this District, have intentionally availed itself of the laws and markets within this District through distribution and sale of their products and services in this District, do substantial business in this District, and are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Capital One and Its Purpose

9. On or about January 16, 2025, Capital One sent e-mail notice to all of its customers, of a system issue impacting deposits, payments, and transfers.

10. According to the notice Capital One began experiencing the service disruption on January 15, 2025, stating that the cause was a technical issue with one of their service providers. The notice further stated that the disruption caused delays in processing transactions such as direct deposits, early pay credit for direct deposits, electronic payments, and transfers.

11. The email advises that services are expected to "gradually begin to return to normal [today] and the majority of issues to be resolved by Friday morning.

12. Unfortunately, the loss of access to accounts lasted longer than the expected. The system remained down, with customers locked out, through Friday evening. Several customers still have not regained access.

13. During the time the system was down, Capital One customers did not have access to their funds, causing immense hardship, including the inability to pay for basic necessities such as food, rent, electricity and gas. Additionally, customers were unable to pay their household bills, resulting in late fees being accessed.

14. As a direct and proximate result of the actions described above, Plaintiff and members of the proposed classes have been damaged.

## PLAINTIFF SPECIFIC FACTS

15. Plaintiff Randy Ferrell has a Capital One account and has his wages directly deposited to his Capital One.

16. On or about Friday, January 17, 2025, Plaintiff logged into his online banking account to review the direct deposit from his employer to find that his paycheck was not being

reflected in his account.

17. In fact, Plaintiff's account reflected a current balance of $12.42, and an available balance of -$66.33. Plaintiff has certain bills set to auto-pay and the amounts due were scheduled to be withdrawn from his account on January 17, 2025 resulting in the overdraft of his account.

18. Plaintiff has additional bills that are due imminently and may result in late fees if Plaintiff does not regain access to his account promptly.

19. Plaintiff and Class Members were induced into depositing money into their Capital One accounts because they were led to believe their funds would be "safe and protected" with unhindered access to these monies.

20. The terms of Capital One's arbitration provision, waiver of class action rights and right to trial by jury are unconscionable and Plaintiff and Class Members would not have agreed to those terms or deposited any money with Capital One had they known about the fraudulent, unlawful and unfair activity and misrepresentations as described in this Complaint.

## CLASS ALLEGATIONS

21. A class action is the proper form to bring Plaintiff's claims under rule 23 of the Federal Rules of Civil Procedures. The potential classes are so large that joinder of all members would be impracticable. Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the classes, and the representative parties will fairly and adequately protect the interests of the classes.

22. Plaintiff seeks to represent the following "Class":

> All consumers in the United States who held a Capital One and were denied access to their accounts and funds beginning January 15, 2025.

Excluded from the above Class are Defendant and its officers, directors and employees.

23. This action satisfies all of the requirements of rule 23 of the Federal Rules of Civil

Procedure including numerosity, commonality, typicality, adequacy, predominance and superiority.

24. ***Numerosity:*** Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of class members remains unknown at this time, upon information and belief, there are at least thousands of putative Class members throughout the United States. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery.

25. ***Commonality*:** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

   a) whether Defendants owed duties to Plaintiff and the proposed class, the scope of those duties and if they breached those duties;

   b) whether Defendants' conduct was unfair or unlawful;

   c) whether Defendants breached their contracts with Plaintiff and the proposed class:

   d) whether Plaintiff, the Class have sustained damages as a result of Defendants' conduct alleged herein and, if so, what is the proper measure of such damages;

   e) whether Plaintiff and the Class are entitled to restitution and, if so, what is the proper measure of restitution; and,

   f) whether Plaintiff and the Class are entitled to declaratory and injunctive relief.

26. ***Typicality***: Plaintiff's claims are typical of those of the other Class members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Defendants' unfair and unlawful conduct. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all members of the Class.

27. ***Adequacy of Representation:*** Plaintiff will fairly and adequately represent and

protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class members. Plaintiff have retained counsel experienced in complex consumer class action litigation, and Plaintiff intend to prosecute this action vigorously.

28. ***Superiority:*** The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical.

29. The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff, the Class for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

30. Plaintiff reserves the right to modify or amend the definition of the proposed classes, before the Court determines whether certification is appropriate and as the parties engage in discovery.

31. The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

### **COUNT I – NEGLIGENCE**

(On Behalf of the Class)

32. Plaintiff repeats, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33. Defendants owed duties to Plaintiff and the proposed Class as Capital One account holders and paying customers to use reasonable care to protect and secure customer funds and provide access to those monies.

34. Defendants breached their duties to Plaintiff and the proposed Class by failing to provide customers access to their Capital One funds for a prolonged period of time causing hardship to the Plaintiff and the proposed classes.

35. Defendants breached their duties to Plaintiff and the proposed Class by failing to secure customer funds in that customers have noted discrepancies in their account balances and funds missing.

36. Defendants failed to use reasonable care in communicating the information about the Capital One system update and restriction of access to customer funds, as well as the safety and security of account funds.

37. As a direct and proximate result of Defendants' negligence and conduct, Plaintiff and the proposed Class were damaged in an amount to be proven at trial.

## COUNT II- BREACH OF CONTRACT

(On Behalf of the Class)

38. Plaintiff repeats, reallege, and incorporate by reference the allegations contained paragraphs 1 through 31, as though fully set forth herein.

39. Plaintiff, and each member of the proposed Class, formed a contract with Defendants at the time they opened an account at Capital One.

40. Plaintiff and Class members gave consideration that was fair and reasonable, and have performed all conditions, covenants, and promises required to be performed.

41. Defendants breached the terms of this contract with Plaintiff and the proposed Class by denying customers access to their funds and, thus, not providing a product and service which provided the promised benefits as described above.

42. As a result of Defendant's breach of its contract and warranties, Plaintiff and the proposed Class have been damaged in an amount to be proven at trial.

## COUNT III – CONVERSION

(On Behalf of the Class)

43. Plaintiff repeats, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 31, as though fully set forth herein.

44. Plaintiff, and each member of the Class, deposited money into their Capital One accounts.

45. Defendants knowingly and intentionally exercised control over the monies belonging to Plaintiff and Class members, retraining funds and denying Plaintiff and Class members access to their funds.

46. Because of the unlawful restraint imposed by Defendants, the rights of Plaintiff and

the Class members in their funds were interfered with and their funds could not be used in the matter in which they desired.

47. Defendants also unlawfully imposed fees upon Plaintiff and the Class members in connection with these restraints, depriving them of the use and control over their property.

48. As a result of the foregoing actions of Defendants, Plaintiff and the proposed Class have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Randy Ferrell, on behalf of himself and all others similarly situated, pray for relief as follows:

1. Declaring this action to be a proper class action, certifying the proposed Class appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

2. An Order for injunctive relief requiring Defendants to cease and desist from engaging in the unlawful and unfair practices alleged in the Complaint;

3. An Order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendants' past conduct;

4. A judgment awarding Plaintiff and Class members restitution, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained as a result of their unlawful and unfair business practices and conduct;

5. A judgment awarding Plaintiff and Class members actual damages;

6. Pre-judgment and post-judgment interest;

7. Attorneys' fees, expenses, and the costs of this action; and

8. All other and further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 18, 2025                           Respectfully,

                                                  */s/ Steven T. Webster*
                                                  Steven T. Webster (VSB No. 31975)
                                                  **WEBSTER BOOK LLP**
                                                  2300 Wilson Blvd., Suite 728
                                                  Arlington, Virginia 22201
                                                  Tel: (888) 987-9991
                                                  swebster@websterbook.com

                                                  *Plaintiff's Local Counsel*


                                                  **MORGAN & MORGAN COMPLEX**
                                                  **LITIGATION GROUP**
                                                  John A. Yanchunis*
                                                  Florida Bar No. 324681
                                                  201 North Franklin Street 7th Floor
                                                  Tampa, Florida  33602
                                                  Tel:  (813) 223-5505
                                                  Email:  jyanchunis@forthepeople.com

                                                  * *Pro Hac Vice application to be submitted*